# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VINH NGOC HA, | ) | 1:09-cv-00129 YNP DLB (HC) |
|         Petitioner, | ) ) | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
|    v. | ) ) | ORDER DIRECTING CLERK OF COURT |
| JOHN E. SUGRUE, Warden, et al, | ) ) | TO ENTER JUDGMENT |
|         Respondent. | ) ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Both Petitioner and Respondent have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. 636(c)(1). (Docs. #3, 4).

**DISCUSSION**

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. Writ of habeas corpus relief is available if a federal prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). However, where a Petitioner seeks to challenge the conditions of his confinement, his claims are cognizable in a civil rights action rather than a habeas corpus action. In the federal context, Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), provides petitioners with a remedy for violation of civil rights by federal actors. C.f., Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (challenges to conditions of confinement by state prisoners should be presented in a 42 U.S.C. § 1983 civil rights action rather than a habeas corpus petition).

In this case, Petitioner claims he is not a deportable alien so he should not be housed in a facility that is "solely for alien[s] who have been ordered to be deported." (Pet. at 3). Petitioner asks to be moved to a facility where "he can get to enjoy the Federal Bureau of Prison Programs and then Community Confinement Center..." (Id.) Petitioner is challenging the conditions of his confinement, not the fact or duration of that confinement. Thus, Petitioner is not entitled to habeas corpus relief, and this petition must be DISMISSED. Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights complaint pursuant to Bivens, 403 U.S. 388 (1971) and 42 U.S.C. § 1983.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The Petition for Writ of Habeas Corpus is DISMISSED;

2) The Clerk of Court is DIRECTED to enter judgment in this matter; and

3) As this case arises out of § 2241, a certificate of appealability is not required. Forde v. U.S. Parole Comm'n, 114 F.3d 878, 879 (9th Cir.1997).

IT IS SO ORDERED.

Dated: **October 7, 2009**          /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE